# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**ANTONIO T. FLOWERS,**
**D.O.C. # 496287,**

      **Plaintiff,**

**vs.**                                                    **Case No. 4:26cv037-TKW-MAF**

**J. MILEY, and**
**OFFICER LINDSEY,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case in January 2026 by submitting a document which the Clerk's Office titled as a "complaint," but which Plaintiff indicated was a petition for an injunction. ECF No. 1. An Order was entered, ECF No. 3, requiring Plaintiff to comply with Local Rule 5.3 and either pay the filing fee or move for leave to proceed in forma pauperis. In addition, Plaintiff was required to file a proper complaint on the Court form. *Id.* Plaintiff was given additional time in which to comply. ECF Nos. 3, 6, 10, and 11.

It has taken until May 28, 2026, for Plaintiff to file a proper in forma pauperis motion, ECF No. 13, but Plaintiff still has not filed a proper complaint on the Court form as required.  *See* N.D. Fla. Loc. R. 5.7(A); Fed. R. Civ. P. 3.  Review of Plaintiff's in forma pauperis motion shows that Plaintiff has maintained a zero account balance statement.  ECF No. 13. Nevertheless, this Court has now undertaken a full review of this case, and Plaintiff's prior litigation history[1] to determine if the in forma pauperis motion, ECF No. 13, should be granted.  That review reveals that Plaintiff is not entitled to in forma pauperis status because Plaintiff has incurred "three strikes" under 28 U.S.C. § 1915(g).

Judicial notice is taken that Plaintiff filed case number 5:25cv38-MCR-MJF in this Court on February 21, 2025.  It was dismissed on December 16, 2025, by United States District Judge M. Casey Rodgers as malicious and an abuse of the judicial process because Plaintiff failed to honestly disclose his litigation history.  That dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

---

[1] Because Plaintiff did not submit a complaint on this Court's complaint form as required, Plaintiff did not provide information as to his litigation history.

Case No. 4:26cv037-TKW-MAF

Plaintiff also filed case number 3:25cv108-MMH-SJH in the Middle District of Florida.  That case was dismissed prior to service for failure to state a claim and counts as Plaintiff's second "strike."

Third, Plaintiff filed case number 8:21cv141 in the Middle District of Florida on January 19, 2021.  Although Plaintiff filed that case while housed in the Pinellas County Jail and used a different inmate number, Plaintiff listed his full name of Antonio Tyrone Flowers.  That corresponds with a prior case he filed in this Court, *see* case number 5:18cv164, *Flowers v. Secretary of Department of Corrections,* on July 12, 2018.  At that time Plaintiff was housed in the Florida Department of Corrections and used inmate number 496287.[2]  Thus, the Court has confirmed Plaintiff is the same individual who filed this case and that case.  Moreover, it has been confirmed that case number 8:21cv141 was dismissed in August 2021 for failure to state a claim.  That means Plaintiff has accumulated three "strikes" under 28 U.S.C. § 1915(g).[3]

---

[2] That is Plaintiff's current inmate number and the one he has used in this case.

[3] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because of those three "strikes," Plaintiff is not entitled to proceed with this case unless his complaint presents factual allegations which demonstrate that he faces "imminent danger of serious physical injury." Plaintiff has not done so. His complaint concerns an incident that occurred in November 2025. ECF No. 1 at 2. That was a one-time event and he failed to allege facts to show ongoing or imminent danger. Although Plaintiff did assert that he was "receiving retaliation" for having made complaints against the Defendants, he did not allege that the retaliation would subject him to imminent danger. Additionally, it is noted that Plaintiff has been transferred twice since initiating this case, *see* ECF Nos. 6 and 14, and is no longer housed with the Defendants. Therefore, because Plaintiff is not entitled to proceed with in forma pauperis status and has not presented sufficient allegations to show imminent danger, this case should be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). Plaintiff "cannot simply pay the filing fee after being denied in forma pauperis status." Dupree, 284 F.3d at 1236.

Case No. 4:26cv037-TKW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has accumulated three prior undisclosed "strikes" and did not pay the filing fee at the time of case initiation.  All pending motions in this case should be denied and the Clerk of Court should be directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 29, 2026.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:26cv037-TKW-MAF